[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13436
Non-Argument Calendar

_____

Agency No. A98-560-092

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

FENGGUI ZHENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 27, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Fenggui Zheng, a native and citizen of China, seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order of removal and denial of her application of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT) and denying her motion to remand. On appeal, Zheng argues that the BIA and IJ's credibility finding was not supported by substantial evidence. She submits that she adequately explained a discrepancy in her testimony and that the BIA and IJ should have weighed any testimonial inconsistency in light of its significance to the total context of her asylum claim.

"We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Where, as here, the BIA expressly adopts and affirms the IJ's decision and adds its own analysis, we review the IJ's decision as supplemented by the BIA. *Savoury v. U.S. Att'y Gen.*, 449 F.3d 1307, 1312 (11th Cir. 2006).

"To the extent that the BIA and IJ's decision was based on a legal determination, this court's review is *de novo*." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). The BIA and IJ's factual determinations, including credibility determinations, are reviewed under the substantial evidence

2

test, which requires us to "view the record evidence in the light most favorable to the [agencies'] decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We will affirm the BIA and IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed*, 388 F.3d at 818 (citation omitted). "To reverse the [agencies'] fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Petitioners abandon an issue by failing to raise it in their initial brief on appeal. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1256 n.6 (11th Cir. 2006).

The BIA and IJ must offer specific and cogent reasons for an adverse credibility finding. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). The applicant has the burden to show that the BIA and IJ's "credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (internal quotation marks and citation omitted). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." *Id.* (internal quotation marks and citation omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments."

3

*Ruiz*, 440 F.3d at 1255. Pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act § 101(a)(3), a credibility determination may be based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (emphasis omitted). Generally, tenable explanations for implausibilities in an applicant's testimony will not compel a reasonable fact finder to reverse a credibility determination without the support of corroborating evidence. *Id.*

Substantial evidence in the record here supports the BIA and IJ's adverse credibility determination because Zheng's testimony was inconsistent and implausible, and her explanations were not supported by corroborating evidence.

Zheng further argues that the BIA and IJ erred in denying her application because she suffered past persecution and had a well-founded fear of persecution. She asserts that the local family planning committee forced her to undergo a gynecological examination, pursuant to the government's family planning policy, against her will. She submits that she ignored its initial request for an examination, that officials forcibly took her to the hospital, and that she considered the examination humiliating, painful, and obtrusive.

4

Any alien who is physically present in the United States may apply for asylum. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007). The Attorney General may grant asylum if an alien is a refugee. *Id.* The INA defines "refugee" as:

> [A]ny person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The alien bears the burden to demonstrate "(1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mejia*, 498 F.3d at 1256.

A well-founded fear of persecution requires "a reasonable possibility of suffering such persecution if he or she were to return to that country." *Id.* (emphasis omitted) (quoting 8 C.F.R. § 208.13(b)(2)(i)(B)). Proof of past persecution creates a presumption of a well-founded fear of future persecution. *Id.* at 1257. An alien must show that his fear of future persecution is "subjectively genuine and objectively reasonable." *Ruiz*, 440 F.3d at 1257. A well-founded fear of persecution can be established by "specific, detailed facts showing a good

5

reason to fear that he will be singled out for persecution" on account of a protected ground. *Id.* at 1258 (citation omitted). As an alternative to demonstrating that he would be singled out for persecution, an alien may show a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(2)(iii)(A).

"An applicant does not have a well-founded fear of persecution if [he] could avoid persecution by relocating to another part of [his] country of nationality, . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Where "the persecutor is a government or is government-sponsored, . . . it shall be presumed that internal relocation would not be reasonable, unless the [government] establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii).

Neither the INA nor the regulations define persecution. We have described persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted). "[A]ttempted murder is persecution." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1233 (11th Cir. 2007). In contrast, menacing telephone threats, without more, do not rise to

6

the level of past persecution. *See Sepulveda*, 401 F.3d at 1231. The "cumulative effects" of the alleged incidents of persecution must amount to past persecution or a well-founded fear of future persecution. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861-62 (11th Cir. 2007).

In *Li v. Ashcroft*, 356 F.3d 1153 (9th Cir. 2004) (*en banc*), the Ninth Circuit held that a petitioner established past persecution where family planning officials, after accusing her of cohabitating with her boyfriend and becoming pregnant, physically forced her to undergo a 30-minute, "rape like" gynecological examination, threatened her with forced abortion and sterilization if she should become pregnant, and issued a warrant for her arrest. *Id.* at 1156. In *Huang v. U.S. Att'y Gen.*, 429 F.3d 1002 (11th Cir. 2005), unlike the case in *Li,* family planning officials required the petitioner to attend a state-ordered, 20-minute gynecological exam as part of an education program regarding family planning. *Id.* at 1009-10. We noted that the "exam was not ordered as the result of some altercation between [the petitioner] and a village official." *Id.* at 1010. Further, "[a]lthough her . . . exam caused her pain, she did not describe it as 'rape-like,'" and "[s]he was not . . . physically restrained by other men or threatened with abortion or sterilization if she became pregnant." *Id.* While the petitioner was detained for 20 days as a result of her refusal to attend a subsequent examination,

"[s]he did not indicate that she had, in any way, been forcibly mistreated or restrained while a gynecological examination was performed." *Id.*

"[A]n adverse credibility determination does not alleviate the [BIA and] IJ's duty to consider other evidence produced by an asylum applicant." *Forgue*, 401 F.3d at 1287. The BIA and IJ "must still consider *all* evidence introduced by the applicant." *Id.* "If the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application." *Id.* "If, however, the applicant produces other evidence of persecution, whatever form it may take, the [BIA and] IJ must consider that evidence, and it is not sufficient for the [BIA and] IJ to rely solely on an adverse credibility determination in those instances." *Id.*

We conclude from the record that substantial evidence supports the BIA and IJ's finding that Zheng failed to establish her claim for asylum because she did not demonstrate past persecution or that she had a well-founded fear of future persecution. Zheng abandoned her claims for withholding of removal and CAT relief because she failed to argue the issues in her initial brief on appeal.

Finally, Zheng argues that the BIA abused its discretion by denying her motion to remand based on the submission of new evidence regarding her recent marriage to a Chinese refugee and her pregnancy. She asserts that evidence of her

8

husband's refugee status was relevant to her claim for asylum because it showed that she will face an increased likelihood of persecution if returned to China.

We, like the BIA, treat motions to remand as either part of the appeal or as motions to reopen. *Najjar*, 257 F.3d at 1301. "[I]f a motion to remand seeks to introduce evidence that has not previously been presented, it is generally treated as a motion to reopen." *Id.* We review "the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). "[R]eview is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (citation omitted).

"A motion to reopen proceedings shall not be granted unless . . . [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). A motion to reopen is disfavored especially in removal proceedings "where, as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States." *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992). The movant has the "heavy burden" of "present[ing] evidence of such a nature that . . . if [the] proceedings . . . were reopened, with all attendant delays, the new evidence

9

offered would likely change the result in the case." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (citation omitted). The BIA "has discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief." 8 C.F.R. § 1003.2(a) (emphasis added).

We conclude from the record that the BIA did not abuse its discretion by denying Zheng's motion to remand because the evidence did not support her claims for asylum, withholding of removal, and CAT relief. Accordingly, we deny the petition for review.

**PETITION DENIED.**